IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANE MICHAEL OSBORNE, #449871, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cv-00804-JPG |
| | ) |
| COLLINSVILLE POLICE DEPARTMENT, OFFICER SEVERINO, and CHIEF EVANS, | ) ) ) ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Shane Michael Osborne brought this action pursuant to 42 U.S.C. § 1983 to address violations of his rights that occurred when he was arrested and his truck impounded for contacting 911 to report his girlfriend's overdose. (Doc. 1). He filed this lawsuit pursuant to the Illinois Good Samaritan Law seeking return of his truck and toolbox and money damages. (*Id*. at 7). The Complaint did not survive screening under 28 U.S.C. § 1915A and was dismissed without prejudice on October 22, 2021. (Doc. 9).

Plaintiff was granted leave to file a First Amended Complaint no later than November 19, 2021. (Doc. 9, p. 3). He was warned that the action would be dismissed, if he failed to do so by the deadline. (*Id*.). He missed the deadline for filing the First Amended Complaint. More than a week has passed since the deadline expired, and he has not requested an extension.

The Court will not allow this matter to linger indefinitely. This action shall be dismissed without prejudice for failure to comply with the Court's Order (Doc. 9) to file a First Amended Complaint and/or to prosecute his claims. *See* FED. R. CIV. P. 41(b).

1

**Disposition**

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice based on Plaintiff's failure to comply with the Court's Order to file a First Amended Complaint (Doc. 9) and his failure to prosecute his claims.  *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).  This dismissal does not preclude Plaintiff from filing suit in the Illinois Court of Claims, if he wishes to pursue a claim for return of property and money damages.

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. 4(a)(1)(A).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467.  He must list each of the issues he intends to appeal in the notice of appeal.  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 11/30/2021**                                          s/J. Phil Gilbert
                                                               **J. PHIL GILBERT**
                                                               **United States District Judge**